■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES T. McMOORE, Appellant.— On April 16, 1970 the Court of Appeals reversed so much of an order of this court as granted defendant McMoore and one of his codefendants, Washington, a new trial; and reinstated the judgments convicting said defendants, but directed a hearing on the issue of in-court identification (*People* v. *McMoore*, 26 N Y 2d 331). Such hearing has been held and an order of the Supreme Court, Kings County, has been made, dated September 25, 1970, which adjudged the in-court identifications untainted by the lineup in question; and defendant McMoore's appeal from the order dated September 25, 1970 is now before us. Order affirmed and the affirmance of the judgment against defendant McMoore is adhered to. No opinion. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID RODRIGUEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 17, 1970, which denied his application without a hearing. Order affirmed. The sole claim properly before us on this appeal is the question of the adequacy of defendant's assigned counsel (*People* v. *Silverman*, 3 N Y 2d 200). However, we find no merit as to that in this case (cf. *People* v. *Tomaselli*, 7 N Y 2d 350; *People* v. *Brown*, 7 N Y 2d 359). Defendant's claims with respect to the withdrawal of his guilty plea, even if justified, and we believe they are without merit, were all available on his appeal from the judgment of conviction and are not properly the subject of *coram nobis* relief (*People* v. *Washington*, 33 A D 2d 699; *People* v. *Brown*, 13 N Y 2d 201; *People* v. *Howard*, 12 N Y 2d 65; *People* v. *Shapiro*, 3 N Y 2d 203; *People* v. *Sullivan*, 3 N Y 2d 196). Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN STALEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 5, 1970 on resentence, upon a 1954 conviction of three counts of murder in the second degree on his plea of guilty, resentencing him to 20 years to life on each count, consecutively and *nunc pro tunc* as of April 27, 1954. Defendant's notice of appeal is hereby amended to show the date of the resentence as January 5, 1970 instead of April 27, 1954 (the date of the original sentence). Judgment modified, in the exercise of discretion, by directing that the three sentences are concurrent instead of consecutive. As so modified, judgment affirmed. In view of appellant's age of 63, and the 18 years already served, without possibility of parole until 1993, we are of the opinion that the sentences are excessive. The sentences should run concurrently, and not consecutively, so that Parole Board may take up the issue of parole. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.